## Commonwealth v. Gaal

*John M. Kenney,* Assistant District Attorney, for Commonwealth.

*Max Gibbs, Herbert Brener* and *Lewis Jay Gordon,* for defendants.

BRIAN, J., December 10, 1973.—Defendants were indicted under the new Crimes Code of December 6, 1972, P. L. 1068, 18 PS §5903, for the exhibition of certain allegedly obscene motion pictures. The specification of the bill of indictment is that defendant "did unlawfully, wilfully and knowingly sell, lend, distribute and exhibit certain obscene material, being certain motion pictures with the titles or designation of 'Lecher' and 'Super-Salesman.' "

Defendants have moved to quash the indictment on the ground that the act does not proscribe obscenity communicated through the medium of a motion picture. We agree.

Section 5903, in pertinent part, reads as follows:

"(a) Offenses defined.—Whoever sells, lends, distributes, exhibits, gives away or shows to any person 17 years of age or older or offers to sell, lend, distribute, exhibit or give away or show, or has in his possession with intent to sell, lend, distribute or give away or to show to any person 17 years of age or older, or knowingly advertises in any manner any obscene literature, book, magazine, pamphlet, newspaper, storypaper, paper, comic book, writing, drawing, photograph, figure or image, or any written or printed matter of an obscene nature, or any article or instrument of an obscene nature, or whoever designs, copies, draws, photographs, prints, utters, publishes or in any manner manufactures or prepares any such book, picture, drawing, magazine, pamphlet, newspaper, storypaper, paper, comic book, writing, figure, image, matter, article or thing or whoever writes, prints, publishes or

utters or causes to be printed, published or uttered, any advertisement or notice of any kind giving information, directly or indirectly, stating or purporting to state where, how, or whom, or by what means any obscene book, picture, writing, paper, comic book, figure, image, matter, article or thing named in this section can be purchased, obtained or had, or whoever hires, employs, uses or permits any minor or child to do or assist in doing any act or thing mentioned in this section, is guilty of a misdemeanor of the second degree.

" . . .

"(c) Minors.—It shall be unlawful for any person knowingly to sell or loan for monetary or other valuable consideration to a minor:

"(1) any picture, photograph, drawing, sculpture, motion picture film, or similar visual representation or image of a person or portion of the human body which depicts nudity, sexual conduct, or sadomasochistic abuse and which is harmful to minors;

" . . .

"(d) Admitting minor to show.—It shall be unlawful for any person knowingly to exhibit for monetary consideration to a minor or knowingly to sell to a minor an admission ticket or pass or knowingly to admit a minor for a monetary consideration to premises whereon there is exhibited, a motion picture show or other presentation which, in whole or in part, depicts nudity, sexual conduct, or sadomasochistic abuse and which is harmful to minors, except that the foregoing shall not apply to any minor accompanied by his parent."

The comment of the Joint State Government Commission, published in 1967, as revised, notes that section 5903 retains without change existing law as set forth in section 524 of The Penal Code of June 24, 1939,

510

P. L. 872, as amended, 18 PS §4524. We may, therefore, look for guidance to appellate opinion which interpreted the predecessor of section 5903.

We find no reported case in which the exhibitor of a motion picture was *criminally prosecuted* for violating section 4524  of the 1939 code. The reason is obvious. Such prosecutions were brought under the Act of September 23, 1959, P. L. 945 (No. 389), 18 PS §4528, which reads as follows:

"Obscene Exhibition.—Whoever gives or participates in, or being the owner of any premises, or having control thereof, permits within or on said premises, any dramatic, theatrical, operatic, or vaudeville exhibition, or the exhibition of fixed or moving pictures, of an obscene nature, is guilty of a misdemeanor, and upon conviction thereof, shall be sentenced to pay a fine not exceeding one thousand five hundred dollars ($1,500), or undergo imprisonment for a period not exceeding two (2) years, or both.

"An exhibition shall be deemed obscene if, to the average person applying contemporary community standards, its dominant theme taken as a whole, appeals to prurient interest."

The omission of any reference to "motion picture" in section 4524(a) is undoubtedly explained by the existence of a separate statute that adequately covered the subject matter of obscenity via motion pictures. Section 4524 supplemented its companion statute, section 4528, only in respect of the showing of obscene motion pictures to minors. See section 4524(b) and (c).

The conclusion is inevitable that under section 4524 adults and minors were intended to be treated differently. In Duggan v. Guild Theater, Inc., 436 Pa. 191, 258 A. 2d 858 (1969), the district attorney sought and obtained a permanent injunction prohibiting the showing of an allegedly obscene motion picture film.

Defendant argued that the district attorney had no authority to seek an injunction under section 4524. The court agreed, stating:

"The act [section 4524] did consolidate various statutes dealing with sale and distribution of obscene works to adults and minors. In section 1(b), which sets out separate provisions relating only to minors, the act specifically mentions sound recordings, sculpture, and motion pictures, none of which media are mentioned in section 1(a), which deals with adults. Section 1(g), which gives the district attorney standing to seek an injunction, only enumerates the media mentioned in section 1(a). Thus appellants argue, quite persuasively, that since the Legislature failed to use the term 'motion pictures' in 1(g), a term used elsewhere in the statute, the district attorney has no power to seek injunction under the statute. We agree that his authority cannot be derived from that statute."

It appears to us, analogously, that failure to provide specifically for "motion pictures" in section 5903(a), pertaining to adults, renders the indictment of defendants at bar unlawful. We are further inclined to the view that the repeal of section 4528 without its replacement by a similar provision in the new Crimes Code was deliberately intended to exempt motion pictures for adults from the application of section 5903.

The Commonwealth contends that the prohibition of any "obscene . . . photograph . . . image . . . or any article or instrument of an obscene nature" is sufficiently inclusive to cover motion pictures. On its face, this argument is persuasive. A "motion picture" is simply a series of consecutive still "photographs" on a reel of film that is run through a projector at a predetermined speed to give the viewer the illusion of motion.

In view of the legislative history of the obscenity

statutes and Duggan v. Guild Theater, Inc., supra, however, we are constrained to hold that section 5903, successor to section 4524, does not cover motion pictures.

In passing, we note that although it has been held that obscenity is an offense at common law, Commonwealth v. Sharpless, 2 S. & R. 91 (1815), the Crimes Code abolishes common law crimes and provides that no conduct constitutes a crime unless statutorily defined: 18 PS §107(b).

### ORDER

And now, December 10, 1973, the indictment of defendants is quashed.